IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE TALARIA COMPANY, LLC &
MORRIS YACHTS, LLC,

    *Plaintiffs*,

v.

MICHAEL DUPLESSIE *et al.*,

    *Defendants*

No. 23-cv-468-ABA

**ORDER**

On January 28, 2025, the Court entered an order issuing a preliminary injunction against all Defendants, including Mr. Duplessie, Bayshore Management, LLC, Classic Sailboats, Ltd., and Defendants' officers, agents, servants, and employees. ECF No. 82 at 2-4. The Preliminary Injunction required Defendants to, immediately and no later than February 7, 2025: (1) suspend and remove from the public domain, or cause to be suspended and removed from the public domain, all of the websites and social media accounts referenced in the Order, and (2) transfer or cause to be transferred all of the websites referenced in the Order. *Id.* at 2-3. The Order states that "[f]ailure to comply by any Defendant, including Mr. Duplessie, will result in sanctions and/or contempt." *Id.* at 4. Specifically, the Order states that if Mr. Duplessie violates the Preliminary Injunction, "the Court will entertain a request for sanctions and/or contempt, and may consider default judgment as a sanction/remedy for such violation." *Id.* at 4-5.

Pending before the Court is Plaintiffs' motions for sanctions and default judgment against Defendant Michael Duplessie, ECF Nos. 85, 86, as well as a litany of motions from Defendant Michael Duplessie, ECF Nos. 90, 97, 98, 101, 102, 103, 104.

1

The Court has already entered default judgment against Defendants Classic Sailboats, Ltd. and Bayshore Management, LLC. ECF No. 83.

Plaintiff has moved to hold all Defendants, including Mr. Duplessie, "in contempt of Court for failure to comply with the Court's Order dated January 28, 2025." ECF No. 85 at 1. As sanctions for civil contempt, Plaintiffs seek (1) an award of reasonable attorneys' fees; (2) an extension of the injunctive relief issued in the Court's January 28, 2025 Order; and (3) issuance of default judgment as to Mr. Duplessie. *Id.* at 6-12. Plaintiff has renewed its motion for entry of default judgment against Mr. Duplessie. ECF No. 86. Defendants Bayshore Management, LLC and Classic Sailboats, Ltd have not filed responses to these motions or otherwise entered appearances in this case. Defendant Duplessie responded to the motions for sanction and default judgment. ECF Nos. 92, 93. The Court agrees with Plaintiff and finds Mr. Duplessie to be in civil contempt for failing to comply with this Court's January 28, 2025 Order. The Court declines to find Defendants Bayshore Management, LLC and Classic Sailboats, Ltd in civil contempt because the Court has already issued default judgment against them.

"[F]ederal courts possess an inherent power to punish for contempt." *Schwartz v. Rent-A-Wreck of America*, 261 F. Supp. 3d 607, 612 (D. Md. 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

> To establish civil contempt, the moving party must establish each of the following elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that movant suffered harm as a result.

2

*Id.* (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

Plaintiffs have, by clear and convincing evidence, satisfied all four elements to hold Mr. Duplessie in civil contempt. The Court agrees with Plaintiff that Mr. Duplessie has plainly violated the Court's January 28, 2025 Order. The January 28, 2025 Order was a valid decree. Mr. Duplessie does not contend that he lacked actual knowledge of the order, and the decree was undoubtedly in Plaintiffs' favor. Plaintiffs have shown that the infringing websites were still available and viewable to the public as of February 11, 2025, and "Defendants have failed to cause any of the Websites to be transferred to Plaintiffs nor have they cooperated in any way in facilitating the ordered transfers." ECF No. 85 at 2. And Plaintiffs have already shown that they have suffered irreparable harm as a result of the publication of defamatory statements online. *Id.* at 5.

The Court is not persuaded by Mr. Duplessie's defenses. Duplessie argues that: (1) the Court's January 28, 2025 Order is overbroad and lacks feasible compliance mechanisms; (2) Duplessie lacks the ability to comply with the January 28, 2025 Order; and (3) a finding of civil contempt is not warranted when no clear violation exists, and Duplessie's actions are otherwise protected by the First Amendment. ECF No. 92 at 2-3. Duplessie does not explain how the January 28, 2025 Order is overbroad, nor did he file a motion seeking clarification of the order in an attempt to comply.

Plaintiffs have shown that Duplessie has control over the offending websites and social media pages. *See, e.g.*, ECF No. 10-3 at 1 (an email sent from Duplessie to Plaintiffs' counsel stating "[w]e don't play childish games we just sue, create webpages and spend money on SEO."); ECF No. 27-3 at 7 (an email from Duplessie to Plaintiffs' counsel stating "[t]he artists depicted my Bermuda 40 after Hinckley's incredibly

3

incompetent repairs. The 'Hinckley Death Boat'. Depicting 53 ways to die on a boat is powerful. Documenting Hinckley incompetence easy.").

Furthermore, Plaintiffs are correct in pointing out that Duplessie has "made no effort to communicate with Plaintiffs or their counsel to facilitate the transfer of ownership of the Websites," and has submitted no evidence of any attempts to facilitate the removal of the websites from those purportedly in control. ECF No. 85 at 4. And Duplessie has already represented that he has the ability to effectuate the removal of the websites. *See, e.g.*, ECF No. 31-1 (an email sent from Duplessie to Plaintiff's counsel stating that "[m]y ex-partners have agreed to pause their email campaign as a sign of good faith for their new attorney, Kritika Krishnamurthy").

And lastly, the Court already explained, in its Memorandum Opinion dated December 20, 2024, why the statements in the websites and social media pages are defamatory and not protected speech. *See* ECF No. 76 at 32-36.

"The appropriate remedy for civil contempt is within the court's broad discretion." *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). The Court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy," i.e., the Court may issue both injunctive relief and monetary relief as a sanction for civil contempt. *Id.* at 258. "[T]he amount of damages awarded in a contempt finding must only meet the preponderance of the evidence standard." *Schwartz*, 261 F. Supp. 3d at 617 (citing *In re Gen. Motors Corp.*, 110 F.3d 1003, 1016-18 (4th Cir. 1997)). Both injunctive relief and monetary relief are warranted here.

Duplessie's sanctionable conduct throughout this litigation further justifies granting Plaintiff's motions. This case was initiated in February of 2023. ECF No. 1.

Duplessie spent months evading service of process. ECF No. 12 ("[T]he Court is satisfied that Plaintiff has demonstrated that Defendant has acted to evade service under Md. Rule 2-121(b)."). When service of process was finally effectuated, Duplessie did not appear or make any filing until almost a year since the case was initiated, after the Clerk entered default against Duplessie and the other defendants. ECF Nos. 28-39. Duplessie repeatedly attempted to file on behalf of Bayshore and Classic Sailboats, despite the fact that he is *pro se*. The Court repeatedly granted him extensions to respond to Plaintiffs' motion for default judgment, which was filed on December 1, 2023. *See* ECF Nos. 40, 42, 48.

On the eve of the default judgment hearing, Duplessie filed several (late) motions. ECF Nos. 49-52. Duplessie never appeared for the November 7, 2024 hearing, and thereafter continued to file a litany of frivolous motions. The Court denied these motions but, despite the fact that Duplessie had not yet meaningfully engaged in the merits of this litigation, the Court held off on issuing default judgment against Duplessie and gave him an opportunity to vacate the entry of default as to Duplessie so long as he suspended and removed the offending websites and social media accounts, as well as paid legal fees and costs incurred by Plaintiffs. ECF No. 77 at 1-2. Duplessie failed to comply with this order. Plaintiffs have also explained to the Court that Duplessie has enacted social media pages and websites targeting counsel for Plaintiffs. Regardless of Duplessie's *pro se* status, this litigation has gone on for two years, and litigants proceeding *pro se* "are liable for sanctions under Fed. R. Civ. P. 11(b) for filing frivolous pleadings when those pleadings lack any factual support." *Abbott v. Suntrust Mortgage, Inc.*, 2009 WL 971267, at *4 (E.D. Va. Apr. 8. 2009); *Brubaker v. City of Richmond*, 943

F.2d 1363, 1373 (4th Cir. 1991) (parties are required to conduct a reasonable investigation into the factual and legal bases of their claims).

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's Motions for Sanctions and Default Judgment (ECF Nos. 85, 86) are GRANTED pursuant to Fed. R. Civ. P. 58(b) and Local Rule 105(6).

2. Defendant Michael Duplessie is held in contempt for failing to comply with the Court's Order dated January 28, 2025.

3. As to Count I (Trademark Infringement), by separate order, judgment will be ENTERED against Mr. Duplessie in favor of Plaintiffs, and Mr. Duplessie is enjoined from:

    a. Using Plaintiffs' trademarks in connection with any products, services, websites, or any other commercial activities;

    b. Using any false designation of origin in connection with any products, services, websites, or any other commercial activities;

    c. Using any websites or domain names that contain any of Plaintiffs' trademarks, including: "www.hinckleyboat.com," "www.hinckley-picnicboat.com," "www.hinckleysailboat.com," "www.hinckley-yachts.com," "www.hinckley-talaria.com," "www.hinckleysilentjet.com," "www.morrisyacht.com," "www.investmentclub.us," "www.investmentclub.info," "www.cascadiaprivatecapital.com," and "www.yousaidyoucared.com";

    d. Advertising any product or service using Plaintiffs' trademarks through any means, including on any Facebook page, Instagram page, or through any other social media platform; and

    e. Registering any domain names or other identifiers that contain any of Plaintiffs' trademarks.

    f. Steps necessary to comply with this order include, but are not limited to: (1) deleting all content from the websites and social media accounts identified and referenced herein; (2) instructing all registrars of record and social media platform hosts associated with the websites and social media accounts referenced herein to suspend and remove the websites and social media accounts from public viewing; and (3) instruct the registrars of record for the domain names identified in paragraph 1 of the Court's Order dated January 28, 2025, to transfer such domain names to Plaintiffs.

4. As to Count V (Cybersquatting), by separate order, judgment will be ENTERED against Mr. Duplessie in favor of Plaintiffs in the amount of $210,000 in statutory damages, and Mr. Duplessie is ordered to, within 14 days of this Order, transfer to Plaintiffs any remaining domain names that Plaintiffs have not yet been able to effectuate being taken down.

5. As to Count VI (Breach of Contract), by separate order, judgment will be ENTERED against Mr. Duplessie in favor of Plaintiffs in the amount of $153,736.64, which includes $116,762 in compensatory damages and $36,974.64 in pre-judgment interest.

6. As to Count XI (Defamation), by separate order, judgment will be ENTERED against Mr. Duplessie in favor of Plaintiffs, and Mr. Duplessie is enjoined from publishing directly or indirectly *any* false, malicious, defamatory or

materially misleading comments or suggestions regarding Plaintiffs, including but not limited to:

    a. That investors in Plaintiffs have committed "war crimes" or used "blood money" to invest in Plaintiffs;

    b. That Plaintiffs billed for services not performed; or

    c. That Plaintiffs' products are "death ships" or responsible for creating or contributing to any "direct risk of fire, explosion, electrocution, injury, or loss of life, loss of boat," or has "put[] lives at risk."

7. Mr. Duplessie must also pay Plaintiffs' reasonable attorneys' fees for costs incurred as a result of Defendant's contumacy—$5,795.00—"to compensate the complainant for losses sustained as a result of the contumacy." *Gen. Motors*, 61 F.3d at 258.

8. The motions filed by Defendant Duplessie (ECF Nos. 59, 90, 97, 98, 101, 102, 103, 104) are DENIED as MOOT.

9. The relief ordered herein supplements, and does <u>not</u> supersede, any prior orders or judgments of the Court.

10. Unless and until all requirements imposed upon Defendants pursuant to this order are met, Defendants shall not file any further motions or pleadings in this matter without first obtaining leave of Court.

11. The Clerk of the Court is directed to CLOSE this case.

Date:  April 25, 2025                  _____/s/_____
                                                       Adam B. Abelson
                                                       United States District Judge