**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE TALARIA COMPANY, LLC & MORRIS YACHTS, LLC,<br>*Plaintiffs*,<br>v.<br>MICHAEL DUPLESSIE *et al.*,<br>*Defendants* | No. 23-cv-468-ABA |

**MEMORANDUM OPINION AND ORDER**

On April 25, 2025, the Court held Defendant Michael Duplessie in civil contempt, entered default judgment against him, enjoined him from using Plaintiff's trademarks and operating certain websites, enjoined him from publishing directly or indirectly any false, malicious, defamatory or materially misleading comments or suggestions regarding Plaintiffs, and entered judgments against him in the amounts of $210,000 in statutory damages for Plaintiffs' cybersquatting claims, $153,736.64 for Plaintiffs' breach of contract claims, and $5,795.00 for reasonable attorney's fees. ECF No. 107 at 6–8. In that order, given Mr. Duplessie's propensity for filing numerous frivolous motions, the Court ordered that: "Unless and until all requirements imposed upon Defendants pursuant to this order are met, Defendants shall not file any further motions or pleadings in this matter without first obtaining leave of Court." *Id.* at 8.

Mr. Duplessie has proceeded to flagrantly ignore that order while his case has been on appeal in the Fourth Circuit. The Court has entered numerous orders returning motions Mr. Duplessie has attempted to file. ECF Nos. 121, 122, 136, 137, 145, 146. The Court has also docketed a handful of Mr. Duplessie's motions. ECF No. 139, 141, 142,

143, 147, 148. Mr. Duplessie did not seek leave before attempting to file any of those motions. The Court will address Mr. Duplessie's motion for an indicative ruling (ECF No. 142), his motion for relief from judgment (ECF No. 141), and his motion to set aside the execution sale (ECF No. 139). The Court will also address a motion to intervene purportedly filed by Charles William Sandesh, ECF No. 140, which Plaintiffs opposed, ECF No. 150, and in support of which Mr. Duplessie—not Mr. Sandesh—filed a reply, ECF No. 151. The Court will strike Mr. Duplessie's remaining motions for his failure to follow this Court's orders. Mr. Duplessie is admonished that he must follow the Court's order or risk further sanctions.[1]

Mr. Duplessie has moved for an indicative ruling. Pursuant to Federal Rule of Civil Procedure 62.1:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). Here, Mr. Duplessie has filed a motion for relief from judgment, ECF No. 141, and there is an appeal in the Fourth Circuit that has been docketed and is pending, *see* ECF No. 135. Accordingly, the Court will issue an indicative ruling and deny Mr. Duplessie's motion for relief from judgment.

---

[1] Plaintiffs filed a notice of intent to file a motion to strike, for entry of a second case management order, and for sanctions. ECF No. 154. Because the Court addresses the motions Plaintiffs seek to strike, the Court will grant Plaintiffs leave to file a new motion for sanctions.

Mr. Duplessie has moved for an indicative ruling regarding whether, if the case were remanded from the Court of Appeals, this Court would grant relief from judgment under Rule 60(b). That rule permits a court to relieve a party from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Duplessie largely argues that the "law does not permit" the entry of judgment against him. ECF No. 141 at 1. Presumably, then, he is relying on an argument that the Court was mistaken in its prior orders. Mr. Duplessie raises four legal arguments: that the cybersquatting claim against him fails "as a matter of law because the complaint describes noncommercial criticism"; the "defamation injunction is an unconstitutional prior restraint"; the injunction is overly broad; and Mr. Duplessie argues that he does not own the vessel, entities, or website domains at the center of this case. ECF No. 141 at 2–5. The Court has already addressed these issues in its prior opinion, ECF No. 76 at 17–36. That opinion formed the basis for the entry of default judgment against Mr. Duplessie. ECF No. 107. For the same reasons, the Court will deny Mr. Duplessie's Rule 60(b) motion.

Mr. Duplessie also argues that the default judgment is "void for want of valid service." ECF No. 141 at 5. Mr. Duplessie has not moved to dismiss for improper service,

as his motion was stricken, ECF No. 40, and he never sought leave to refile. He also states that the Court should set aside the judgment on the basis of "knowingly false" representations, ECF No. 141 at 5, but he provides no evidence that any such representations exist. Therefore, no basis exists under Rule 60(b) for the Court to relieve Mr. Duplessie from the default judgment.

Mr. Duplessie also seeks to set aside the sale of the 33-foot recreational vessel manufactured in or about 1961 by Hinckley, known as "PRESSURE DROP" or "CAPPELLA" (the "Vessel"). ECF No. 139. Plaintiff The Talaria Company LLC filed a motion on May 27, 2026 requesting that the Court order that sale. ECF No. 133. Mr. Duplessie never responded to that motion, and the Court issued an order on June 6, 2026, directing the U.S. Marshals Service to proceed with the sale of the Vessel. ECF No. 134. That sale occurred on August 21. ECF No. 138. Although the Fourth Circuit recalled its mandate on August 3, ECF No. 135, no stay was ever ordered with regard to the sale of the Vessel. Accordingly, the Court will deny Mr. Duplessie's motion as moot.

As to the motion purportedly filed by Mr. Sandesh,[2] Mr. Sandesh seeks to intervene as of right under Rule 24(a)(2), or in the alternative by permission under Rule 24(b). Under Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

[2] The Court has returned several documents purporting to come from Mr. Sandesh, but which were sent by Mr. Duplessie. Mr. Sandesh's motion to intervene was sent in an envelope bearing Mr. Duplessie's address as a return address. ECF No. 140-1. Although the reply to Mr. Sandesh's motion was purportedly signed by Mr. Sandesh, it was also sent to the Court by Mr. Duplessie. ECF Nos. 151-1, 151-2. This raises serious questions whether the motion to intervene was actually filed by Mr. Sandesh. The Court does not, however, address that issue in denying the motion.

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). As a threshold matter, intervention under either rule requires that the motion be "timely." *See Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014) ("A party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a 'timely motion.'"). "In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Id.*

All three timeliness factors weigh against Mr. Sandesh's intervention request. Mr. Sandesh has been indirectly involved with this litigation since its onset. He claims to be the "owner and sole [m]anager of Bayshore Management, LLC," one of the Defendants in this action. ECF No. 140 at 4. Mr. Sandesh also describes Mr. Duplessie as his "authorized correspondent in the United States," ECF No. 150-6, and indeed all filings from Mr. Sandesh have been sent by Mr. Duplessie. Mr. Sandesh, or somebody purporting to be Mr. Sandesh, contacted chambers via email on January 6, 2025. ECF No. 150-4. In response, the Court invited Mr. Sandesh to appear at a Zoom status hearing the next day; Mr. Sandesh did not. Plaintiffs first requested the Court levy the Vessel, which Mr. Sandesh claims to own, on February 27, 2026. ECF No. 125. The Court granted a writ of execution on March 9, ECF No. 130, and the U.S. Marshals Service mailed a copy of that writ to Mr. Duplessie on April 27, ECF No. 132. As

discussed above, the Court ordered the Marshals Service to proceed with the sale of the Vessel on June 9. ECF No. 134. That sale occurred on August 21. ECF No. 138. Mr. Sandesh did not file his motion until September 7.

The proceedings here have not only "reached a relatively advanced stage," *Alt*, 758 F.3d at 591, they have in fact proceeded to judgment. Although courts occasionally grant post-judgment motions to intervene, that is only when "intervention prior to the entry of final judgment would have served no purpose whatsoever." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). Moreover, granting the motion to intervene would prejudice Plaintiffs, as it would require the Court to reopen completed enforcement proceedings. Mr. Sandesh has long been aware of and had ample opportunity to move to intervene, and yet he has chosen not to. His attempt to do so now will be denied.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendant Michael Duplessie's motion to set aside the sale of the Vessel (ECF No. 139) is DENIED;
2. Charles William Sandesh's motion to intervene (ECF No. 140) is DENIED;
3. Defendant Michael Duplessie's motion for relief from judgment (ECF No. 141) is DENIED;
4. Defendant Michael Duplessie's motion for an indicative ruling (ECF No. 142) is GRANTED;
5. The Clerk is directed to STRIKE ECF Nos. 143, 147, and 148 as non-compliant with the case management order (ECF No. 4) and the Court's order requiring Mr. Duplessie to seek leave before filing motions (ECF No. 107);
6. The Clerk is directed to CLOSE this case;

7. The Clerk is directed to return all remaining documents from Mr. Duplessie, as the case is closed and on appeal in the Fourth Circuit, ECF No. 135;
8. The Clerk is directed to return all remaining documents from Mr. Sandesh as he is not a party to this case; and
9. Plaintiffs are granted leave to file a new motion for sanctions.

Date: November 9, 2026

/s/
Adam B. Abelson
United States District Judge